RONALD WILCOX, Bar #176601
ATTORNEY AT LAW
2160 THE ALAMEDA, FIRST FLOOR, SUITE F
SAN JOSE, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

Counsel for Plaintiff CRAIG UYEDA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| CRAIG UYEDA, on behalf of himself and member of the general public, )<br><br>Plaintiff )<br><br>v. )<br><br>J. A. CAMBECE LAW OFFICE, P.C., )<br>J. A. CAMBECE and CACV OF )<br>COLORADO, LLC )<br><br>Defendants. ) | Civil Action No._____ |

## COMPLAINT

## DEMAND FOR JURY TRIAL

## I.  INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") and Business and Professions Code 6077.5 (which incorporates certain provisions of California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 et seq. (hereinafter, "state Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.  Plaintiff also seeks injunctive relief on behalf of himself and members of the general public to prohibit defendants from engaging in unlawful acts.

## II.  JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. sec. 1692(k)(d), 28 U.S.C.  1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367.  Declaratory relief is available pursuant to 28 U.S.C. sec. 2201 and 2202.  Venue in this District is proper in that defendants transacts business here and the conduct complained of occurred here.

## III.  PARTIES

3.  Plaintiff, CRAIG UYEDA (hereinafter "Uyeda"), is a natural person residing in San Jose, California.

4.  Plaintiff is a "consumer" as defined by 15 U.S.C. 1692(a)(3) and a "debtor" as defined by Civil Code 1788.2.

5. Defendant, J.A. Cambece Law Office, P.C. (hereinafter "Cambece P.C."), is a professional corporation, and law firm, whose principal purpose is the collection of debts for another, using the federal mail and telephone to collect debts here in California, operating from an office at 8 Bourbon St., Peabody, MA 01960.

6.  Defendant Cambece P.C. is a "debt collector" as defined by 15 U.S.C. 1692(a)(6) and is subject to Business and Professions Code 6077.5 and Civil Code 1788 (as incorporated by BPC 6077.5).

7.  Defendant, CACV of Colorado, LLC ("CACV"), is a limited liability company chartered under the laws of Colorado with its principal offices at 1999 Broadway, Suite 2150, Denver, Colorado 80202.  CACV is engaged in the business of purchasing defaulted consumer debts for a few cents on the dollar and attempts to collect them here in California using the federal mail and telephone.

8.  Defendant CACV of Colorado, LLC, is a "debt collector" as defined by 15 U.S.C. 1692(a)(6) and Civil Code 1788.2.

9.  Defendant, J. A. Cambece (hereinafter "Cambece"), is a collection lawyer.  He is the sole officer and owner of Cambece P.C.

10.  Defendant Cambece is a "debt collector" as defined by 15 U.S.C. 1692(a)(6)  and is subject to Business and Professions Code 6077.5 and Civil Code 1788 (as incorporated by BPC 6077.5).  The principal purpose of Defendant Cambece is the collection of debts using the mails and telephone, and Cambece regularly attempts to collect debts alleged to be due another.  Cambece is liable for the acts of Cambece P.C. because he directed the unlawful activities described herein.

11.  Uyeda alleges that at all times herein mentioned, each of the Defendants was, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and ratification of the other Defendants.  Any reference hereinafter to "Defendants" or "Cambece" without further qualification is meant by the Plaintiff to refer to each Defendant named above.

## IV.  FACTUAL ALLEGATIONS

12.  Plaintiff became indebted on a consumer debt to Direct Merchants, allegedly in the amount of $5,497.04.

13.  Unfortunately, Plaintiff experienced difficulty in repaying the debt.  The account was purchased by CACV of Colorado, LLC (CACV), for pennies on the dollar.

14.  Defendant CACV hired Cambece and the Cambece, P.C. law firm to leverage the weight and authority of a law firm to attempt to collect the debt.

15.  Despite Plaintiff's unfortunate financial situation Defendants acted in an deceptive and misleading manner contrary to the standards employed by others in its industry, and contrary to those followed by civilized society, violating state and federal debt collection laws.

16.  On July 9, 2003, Defendants' mailed Uyeda a demand letter.

17.  Defendants' July 9, 2003, letter leveraged the weight and authority of a law firm, cautioning:

**As you know from our first letter, we represent the above named, CACV of Colorado, LLC.  If you continue to ignore this matter, we may have no option but to recommend to our client that it exhaust whatever legal measures are available to collect this debt through local counsel in your state.  We regret having to take this step but your failure to pay this bill has left us essentially with no other option.**

**Please call our office immediately.  The toll free number is 1-800-577-2230.**

18.  Defendants' July 9, 2003 letter did not contain an original signature, but contained a facsimile signature of J.A. Cambece, Attorney at Law.

19.  Under the signature line was written:

**As required by law, you are hereby notified that this firm's client may submit a negative credit report reflecting on your credit record to a credit reporting agency if you fail to fulfill the terms of your credit obligations**.

20.  On August 27, 2003 Defendants mailed Uyeda a letter identical to the July 9, 2003 letter.

21.  On October 24, 2003, Defendants mailed Uyeda a letter identical to the July 9, 2003 and August 27, 2003 letter.

22.  On February 26, 2004, Defendants mailed Uyeda a letter identical to the July 9, 2003, August 27, 2003, and October 24, 2003 letters.

23.  On September 8, 2004, Defendants mailed Uyeda a letter stating:

**As you know from our first letter, we represent CACV of Colorado, LLC.**
**After further review of your account our client has decided to approve you for a temporary minimum monthly payment arrangement.  Hopefully, this arrangement will give you the time you need temporarily to pay the above referenced account on a monthly basis.  Our client hopes this will help you get back on our feet again.**

**This offer may expire soon.  Please contact this office immediately to make arrangement for your first monthly installment payment.**

24.  Defendants' September 8, 2004 letter did not contain an original signature, but contained a facsimile signature of J.A. Cambece, Attorney at Law.

25.  As of October 10, 2004, Uyeda has not been sued for this alleged debt.

26.  On information and belief Uyeda contends the Defendants letters contained false, deceptive and misleading statements, threatened to take action not intended, and created a false sense of urgency.  Defendants combined these deceptive letters with repeated phone calls, sometimes several per week, over the past 1 ½ years.

27.  On information and belief, and based on prior decisions involving the Collect America (CACV) organization and its business methods, no attorney was meaningfully involved in reviewing Uyeda's file before the letters were sent.  See *In Re Zenner*, 348 S.C. 499, 560 S.E.2d 406 (2002).

## V.  FIRST CLAIM FOR RELIEF - FDCPA

28.  Plaintiff repeats and re-alleges and incorporates by reference all of the paragraphs mentioned above.

29.  Defendants violated 15 U.S.C. 1692, including but limited to, 15 U.S.C. 1692e(3), e(5), e(9), e(10) and 1692f.

30.  Defendants violated 15 U.S.C. 1692e, 1692e(3), 1692e(10) and 1692f by sending a letter purporting to be form an attorney without any real professional involvement by an attorney

31.  Defendants violated 15 U.S.C. 1692e, 1692e(5) and 1692e(10) by sending a letter threatening to take action not intended in the time frame threatened.

32.  Defendants violated 15 U.S.C. 1692e, 1692e(9) and 1692e(10) by using a document which creates a false impression as to its source.

33.  Defendants violated 15 U.S.C. 1692e(10) by using false, misleading and deceptive statements, and creating a false sense of urgency, in an attempt to collect a debt

34.  Defendants violated 15 U.S.C. 1692e(f) by using unfair and unconscionable means in an attempt to collect a debt.

35.  Defendants' acts were done intentionally with the intent of deceiving the consumer into repaying the debt.

## VI.  SECOND CLAIM FOR RELIEF – BPC 6077.5

36.  Plaintiff repeats and re-alleges and incorporates by reference all of the paragraphs mentioned above.

37.  Defendants violated Business and Professions Code 6077.5 and Civil Code 1788 (as incorporated by BPC 6077.5), including but not limited to:

a)  Defendants violated Civil Code section 1788.17, which requires "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j" of Title 15 United States Code (FDCPA).

b) Defendants violated Civil Code section 1788.13(c) and 1788.16 by misrepresenting a communication was from an attorney.

c) Defendants violated Civil Code section 1788.13(c) by falsely representing Uyeda's debt was about to be submitted to a consumer credit reporting agency

d) Defendants violated Civil Code 1788.13(i) by falsely representing the true nature of the business or service being rendered.

e) Defendants violated Business and Professions Code 6077.5(b), which provides:

Any employee of an attorney who is not a member of the State
Bar of California, when communicating with a consumer debtor or with
any person other than the debtor concerning a consumer debt, shall
identify himself or herself, by whom he or she is employed, and his
or her title or job capacity.

f) Defendants violated Civil Code 1788.13(j) by making the false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made.

38.  Defendants' acts described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

39.  As a result of the above violations of the state Act the Defendants are liable to the Plaintiff for injunctive relief, attorney's fees and costs.

## VII.  THIRD SECOND CLAIM FOR RELIEF – BPC 17200

40.  Plaintiffs re-allege each allegation of each paragraph above as is fully set forth herein.

41.  BPC 17200-17205 prohibits business acts and practices that are unlawful, unfair or fraudulent.

42.  Defendants' false, misleading, and unlawful attempt to collect debts from the general public, including the sending of the above-mentioned collection notices, outweighs the utility of Defendants' acts and consequently constitutes an unfair act or practice within the meaning of Bus. & Prof. Code 17200.

43.  Defendants' policy and practice of sending the above-mentioned collection notices violate both the FDCPA and Civil Code 1788 as alleged herein and consequently Defendants' practice constitutes an unlawful business practice within the meaning of Bus. & Prof. Code 17200.

44.  Defendants' policy and practice of the sending above-mentioned collection notices are likely to mislead the general public and consequently constitutes a fraudulent act or practice within the meaning of Bus. & Prof. Code 17200.

45.  Plaintiffs and members of the public are entitled to injunctive relief against Defendants (to prevent Defendants from sending these notices into California) for its unfair, unlawful, and fraudulent act or practice as provided by Bus. & Prof. Code 17203.

46.  As a result of the above violations of the state Act, Defendants are liable to the Plaintiffs for injunctive relief and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.  Declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory judgment and injunctive relief for the Defendants' violations of the state Act.

B.  Statutory damages pursuant to 15 U.S.C. 1692k.

C. Statutory damages pursuant to California Civil Code 1788.17.

D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692(k) and California Civil Code 1788.17 and C.C.P. 1021.5.

E.  For such other and further relief as may be just and proper.

Respectfully submitted,

_____          _____
Ronald Wilcox, Counsel for Plaintiff          Date

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____          _____
Ronald Wilcox, Counsel for Plaintiff          Date