RONALD WILCOX, Bar #176601
ATTORNEY AT LAW
2160 THE ALAMEDA, FIRST FLOOR, #F
SAN JOSE, CA 95126
Tel: (408) 296-0400

O. Randolph Bragg, IL Bar #06221983
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900
Chicago, IL 60602
(312) 372-8822

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CRAIG UYEDA, on behalf of himself and all others similarly situated, | ) **FIRST AMENDED** ) **CLASS ACTION COMPLAINT** ) |
| Plaintiff, | ) ) |
| v. | ) **Case No. 5:04-cv-04312-JW** ) |
| J. A. CAMBECE LAW OFFICE, P.C., J. A. CAMBECE and CACV of Colorado, LLC, | ) ) ) ) ) |
| Defendants. | ) **A JURY TRIAL IS DEMANDED** ) ) |

1
**FIRST AMENDED CLASS ACTION COMPLAINT**

04-04312 JW

# FIRST AMENDED
# CLASS ACTION COMPLAINT
# AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. Plaintiff Craig Uyeda, on behalf of himself and all others similarly situated, brings this action against Defendants J. A. Cambece Law Office, P.C., J. A. Cambece, and CACV of Colorado, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks injunctive relief on behalf of himself, and members of the general public, to prohibit Defendants from continuing to engage in unlawful acts.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202. Venue in this District is proper in that defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, CRAIG UYEDA (hereinafter "Mr. Uyeda"), is a natural person residing in San Jose, California.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant J.A. Cambece Law Office, P.C. (hereinafter "Cambece P.C."), is a professional corporation, and law firm, whose principal purpose is the collection of debts for another, using the federal mail and telephone to collect debts here in California, operating from an office at 8 Bourbon St., Peabody, MA 01960.

6. Defendant Cambece P.C. is a "debt collector" as defined by 15 U.S.C. 1692(a)(6).

7. Defendant, CACV of Colorado, LLC, is a company whose principal purpose is the purchase and collection of debts that have already gone into default with another, using the federal mail and telephone to collect debts here in California, operating from an office in Colorado.

8. Defendant CACV of Colorado, LLC, is a "debt collector" as defined by 15 U.S.C. 1692(a)(6).

9. Defendant J. A. Cambece (hereinafter "Mr. Cambece") is a

lawyer engaged in the business of collecting debts in this state for his employer, Cambece P.C., operating from Cambece P.C.'s office address.

10. Mr. Cambece is a "debt collector" as defined by 15 U.S.C. 1692(a)(6). The principal purpose of Mr. Cambece is the collection of debts using the mails and telephone, and Cambece regularly attempts to collect debts alleged to be due another. Mr. Cambece is liable for the acts of Cambece P.C. because he directed the unlawful activities described herein.

11. Mr. Uyeda alleges that at all times herein mentioned, each of the Defendants was, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and ratification of the other Defendants. Any reference hereinafter to "Defendants" or "Defendant law firm" without further qualification is meant by the Plaintiff to refer to each Defendant named above.

## IV. FACTUAL ALLEGATIONS

12. Mr. Uyeda incurred an alleged debt for personal, family,, or

household purposes to Direct Merchants, in the purported amount of $5,497.04.

13. Unfortunately, Plaintiff experienced difficulty in repaying the debt and his account was purchased while it was in default by CACV of Colorado, LLC (CACV), for pennies on the dollar.

14. Defendant CACV hired Mr. Cambece and the Cambece, P.C. law firm to leverage the weight and authority of a law firm to attempt to collect the alleged debt. On information and belief, CACV approved of the collection activities and practices of J.A Cambece and J.A. Cambece, P.C. CACV did not authorize Cambece to sue, or refer for suit, plaintiff's account, nor did J.A. Cambece or Cambece, P.C. recommend suit.

15. Despite Plaintiff's unfortunate financial situation, the Cambece, P.C. law firm acted in an abusive and deceptive manner contrary to the standards employed by others in its industry, and contrary to those followed by civilized society, violating state and federal debt collection laws.

16. In 2003 Defendant's mailed Uyeda a demand letter in an attempt to advise Uyeda of his rights under federal law (15 U.S.C. 1692g). However, Defendants imposed an additional requirement on Mr. Uyeda,

misrepresenting his rights under 15 U.S.C. 1692(c)(1).

17. On information and belief Defendants demand letter stated: "IF YOU NOTIFY OUR OFFICE IN WRITING TO CEASE CONTACT BY TELEPHONE AT YOUR PLACE OF EMPLOYMENT, NO FURTHER SUCH CONTACT WILL BE MADE."

18. On July 9, 2003, Defendants' mailed Uyeda another demand letter.

19. Defendants' July 9, 2003, 2002 letter leveraged the weight and authority of a law firm, cautioning:

> **As you know from our first letter, we represent the above names, CACV of Colorado, LLC. If you continue to ignore this matter, we may have no option but to recommend to our client that it exhaust whatever legal measures are available to collect this debt through local counsel in your state. We regret having to take this step but your failure to pay this bill has left us essentially with no other option.**
>
> **Please call our office immediately. The toll free number is 1-800-577-2230.**

20. Defendants' July 9, 2003 letter did not contain an original signature, but contained a facsimile signature of J.A. Cambece above his typewritten title Attorney at Law.

21. Under the signature line was written:

**As required by law, you are hereby notified that this firm's client may submit a negative credit report reflecting on your credit record to a credit reporting agency if you fail to fulfill the terms of your credit obligations**.

22. On August 27, 2003 Defendants mailed to Mr. Uyeda a letter identical to the July 9, 2003 letter.

23. On October 24, 2003, Defendants mailed to Mr. Uyeda another letter identical to the July 9, 2003 and August 27, 2003 letter.

24. On February 26, 2004, Defendants mailed to Mr. Uyeda yet another letter identical to the July 9, 2003, August 27, 2003, and October 24, 2003 letters.

25. On September 8, 2004, Defendants mailed Uyeda a letter stating:

**As you know form our first letter, we represent CACV of Colorado, LLC.**
**After further review of your account our client has decided to approve you for a temporary minimum monthly payment arrangement.  Hopefully, this arrangement will give you the time you need temporarily to pay the above referenced account on a monthly basis.  Our client hopes this will help you get back on our feet again.**
**This offer may expire soon.  Please contact this office**

**immediately to make arrangement for your first monthly installment payment.**

26. Defendants' September 8, 2004 letter concluded with a facsimile signature of J.A. Cambece, Attorney at Law.

27. On information and belief Uyeda has not been sued for this alleged debt, nor did Defendants report the debt to a creditor reporting agency.

28. On information and belief Mr. Uyeda contends the Defendants letters contained false, deceptive and misleading statements and created a false sense of urgency.

29. On information and belief Mr. Uyeda contends that neither J.A. Cambece nor any other attorney was meaningfully involved in reviewing his account before the above letters were sent.

30. On information and belief Mr. Uyeda contends the Defendants misrepresented his rights under 15 U.S.C. 1692c(1), by imposing a writing requirement to cease communications at an inconvenient place when none is required by the FDCPA, and thus violated 15 U.S.C. 1692e and 15 U.S.C. 1692e(10).

## V. **DEFENDANTS' PRACTICES**

31. In an effort to collect alleged debts incurred for consumer purposes, Defendants regularly mailed or caused to be mailed to Santa Clara County residents communications in the form of the letters described above in violation of the FDCPA and CUBPA.

32. In an effort to collect alleged debts incurred for consumer purposes, Defendants regularly mailed or caused to be mailed to California residents communications in the form of the letters described above, signed above "Attorney at Law," when no attorney had engaged in a meaningful review of the alleged debtor's account in violation of the FDCPA and the CUBPA.

33. On information and belief Mr. Uyeda contends the Defendants misrepresented his rights under 15 U.S.C. 1692c(1), by imposing a writing requirement to cease communications at an inconvenient place when none is required by the FDCPA, and thus violated 15 U.S.C. 1692e and 15 U.S.C. 1692e(10).

## V. CLASS ALLEGATIONS

34. Mr. Uyeda brings this action on behalf of three classes. Class One is defined as (i) all persons who were sent at an address in Santa Clara

County, (ii) a letter from Defendants concluding with a signature above the title "Attorney at Law" (iii) regarding an alleged debt which, according to the records of the defendant or its subscriber, was incurred for personal, family, or household purposes. Class One (the FDCPA class) includes the one (1) year period prior to the filing of the complaint.

35. Class Two is defined as (i) all persons who were sent at an address in California, (ii) a letter from Defendants concluding with a signature above the title "Attorney at Law" (iii) regarding an alleged debt which, according to the records of the defendant or its subscriber, was incurred for personal, family, or household purposes. Class Two (the first CUBPA class) includes the four (4) year period prior to the filing of the complaint.

36. Class Three (the second CUBPA class) is defined as (i) all persons who were sent at an address in California, (ii) a letter from Defendants indicating the consumer must communicate in writing if it wished Defendants to cease communication with consumer at the consumer's place of employment, (iii) regarding an alleged debt which, according to the records of the defendant or its subscriber, was incurred for personal, family, or household purposes. Class Three

(the second CUBPA class) includes the four (4) year period prior to the filing of the complaint.

37. On information and belief, based on the fact that Defendants' use letters in the form described above, the class is sufficiently numerous that joinder of all members is impractical.

38. There are questions of law and fact common to the class, which questions predominate over any questions peculiar to individual class members. The common questions include:

(1) Whether Defendants are "debt collectors".

(2) Whether Defendants; communications in the form of described above use false representations or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. §§1692e, e(3), e(5), and e(10), and Cal. Bus. & Prof. §§17200-17205.

39. Mr. Uyeda has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

40. Mr. Uyeda will fairly and adequately represent the interest of the class members. Mr. Uyeda has retained counsel experienced in litigation

brought pursuant to the Fair Debt Collection Practices Act, the California Unfair Business Practices Act, and the California Civil Code as class actions. Mr. Uyeda and his counsel will vigorously pursue this matter.

41. Certification of the Class under Rule 23 (b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    (a)    The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members.

    (b)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants acted on grounds generally applicable to the Class, thereby making appropriate injunctive and declaratory relief with respect to the Class as a whole.

43. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VI. FIRST CLAIM FOR RELIEF

44. Plaintiff repeats and realleges and incorporates by reference all of the paragraphs mentioned above.

45. Defendants' violations of 15 U.S.C. §1692 include, but are not limited to, 15 U.S.C. §§1692e(3), e(5), and e(10).

## VII. SECOND CLAIM FOR RELIEF

46. Plaintiff realleges each allegation of each paragraph above as is fully set forth herein.

47. BPC 17200-17205 prohibits business acts and practices that are unlawful, unfair or fraudulent.

48. Defendants' false, misleading, and unlawful attempt to collect debts from the general public including the sending of the above-mentioned collection notices, outweighs the utility of Defendants' acts and consequently constitutes an unfair act or practice within the meaning of BPC 17200.

49. Defendants' policy and practice of sending the above-mentioned collection notices violates both the FDCPA as alleged herein and consequently Defendants' practice constitutes an unlawful business practice within

the meaning of Bus. & Prof. Code 17200.

50. Plaintiff and members of the public are entitled to injunctive relief against Defendants (to prevent Defendants from sending these notices into California) for its unfair, unlawful, and fraudulent act or practice as provided by Bus. & prof. Code 17203.

51. As a result of the above violations of the state Act, Defendants are liable to the Plaintiff for injunctive relief and attorney's fees and costs.

WHEREFORE, Plaintiff Craig Uyeda requests that Judgment be entered for himself and the class members against the Defendants J. A. Cambece Law Office, P.C., J. A. Cambece, and CACV of Colorado, LLC for the following:

A. Certification of this case to proceed as a class action;
B. Declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory judgment and injunctive relief for the Defendant's violations of the state Act;
C. Statutory damages pursuant to 15 U.S.C. §1692k;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and C.C.P. 1021.5, and

F. For such other and further relief as may be just and proper.

Respectfully submitted,

/s/Ronald Wilcox                                   12/8/04
Ronald Wilcox, Counsel for Plaintiff      Date


# DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Craig Uyeda demands that this case be tried before a jury.

/s/Ronald Wilcox                                   12/8/04
Ronald Wilcox, Counsel for Plaintiff      Date