WILLIAM McGRANE [057761]
MAUREEN HARRINGTON [194606]
McGRANE, GREENFIELD, HANNON & HARRINGTON LLP
One Ferry Building, Suite 220
San Francisco, CA 94111
Telephone: (415) 283-1776
Facsimile: (415) 283-1777

BERNARD S. GREENFIELD [066017]
BRIAN J. HANNON [099750]
McGRANE, GREENFIELD, HANNON & HARRINGTON LLP
40 South Market Street, Second Floor
San Jose, CA 95113
Telephone: (408) 995-5600
Facsimile: (408) 995-0308

Attorneys for Defendants
J.A. Cambece Law Office, P.C., J.A. Cambece,
and CACV of Colorado, LLC

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRAIG UYEDA, on behalf of himself and members of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>J.A. CAMBECE LAW OFFICE, P.C., J.A. CAMBECE and CACV OF COLORADO, LLC,<br><br>Defendants.<br>_____<br>CACV OF COLORADO, LLC,<br>A Colorado Limited Liability Company,<br><br>Counter-Claimants.<br><br>vs.<br><br>CRAIG UYEDA on behalf of himself and MEMBERS OF THE PUTATIVE CLASSES,<br><br>Counter-Defendants | Case No. C04 04312 JW<br><br>DEFENDANTS' AMENDED COUNTER-CLAIM AGAINST PLAINTIFF AND THE MEMBERS OF THE PUTATIVE CLASSES |

Defendant and Counter Claimant CACV OF COLORADO, LLC ("CACV") alleges as follows:

1. CACV is a limited liability company duly organized and existing under the laws of the State of Colorado. Among other things, CACV is engaged in the business of purchasing from original creditors the accounts of debtors who have failed to repay the credit that the original creditors extended to them.

2. On or about February 2, 2005, Plaintiff CRAIG UYEDA ("Mr. UYEDA") filed a complaint against CACV entitled "Second Class Action Complaint" ("Complaint") in which he alleges that CACV violated the provisions of the Fair Debt Collection Practices Act (15 U.S.C. §§1692 *et seq*.) ("FDCPA") and the California Unfair Competition Law (Cal. Bus. & Prof. Code §§17200 *et seq*.). Without admitting the allegations set forth in the Complaint, CACV incorporates those allegations herein as by reference as though fully set forth at this point.

3. In his Complaint, Mr. UYEDA alleges in pertinent part:

> 36. Mr. Uyeda brings this action on behalf of two classes. Class One is defined as (i) all persons who were sent at an address in Santa Clara County, (ii) a letter from Defendants concluding with a facsimile signature above the title "Attorney at Law" (iii) regarding an alleged debt which, according to the records of the defendant or its subscriber, was incurred for personal, family, or household purposes. Class One (the FDCPA class) includes the one (1) year period prior to the filing of the complaint.
>
> 37. Class Two is defined as (i) all persons who were sent at an address in California, (ii) a letter from Defendants concluding with a facsimile signature above the title "Attorney at Law" (iii) regarding an alleged debt which, according to the records of the defendant or its subscriber, was incurred for personal, family, or household purposes. Class Two (the first CUBPA class) includes the four (4) year period prior to the filing of the complaint.

For purposes of reference, Mr. UYEDA and the members of the putative classes hereafter will be referred to collectively as "Plaintiffs."

4. CACV is informed and believes, based on the allegations set forth in Paragraphs 36 and 37 of the Complaint, that the members of the putative classes are residents of the State of California.

5. Plaintiffs seek an award of statutory damages under the FDCPA. They also seek an award of the reasonable attorney's fees and costs that they incur in connection with the prosecution of their action.

6. CACV denies that Plaintiffs are entitled to any award of statutory damages. CACV denies further that Plaintiffs are entitled to any award of any attorney's fees or costs that they incur in connection with the prosecution of their action.

7. CACV is informed and believes, and thereon alleges, that Plaintiffs are obligated, under the terms and conditions of the written credit agreements with their original creditors, to repay the credit that the original creditors extended to them. CACV is further informed and believes, and thereon alleges, that Plaintiffs remain legally obligated under such agreements to repay such credit. CACV is further informed and believes, and thereon alleges, that Plaintiffs have no valid or legal defense or excuse for not repaying such credit.

8. CACV is informed and believes, and thereon alleges, that the written credit agreements between some of the class members and their original creditors require the members to submit any dispute (including, without limitation, any dispute arising out of any alleged violation of the FDCPA) to binding arbitration.

9. Plaintiffs' original creditors sold and duly assigned and transferred to CACV their rights under their written credit agreements with Plaintiffs.

1  Consequently, CACV is the real party-in-interest and, as such, is entitled to
2  enforce Plaintiffs' liability under such agreements.
3      10.   CACV is informed and believes, and thereon alleges, that as a result
4  of the facts and circumstances set forth above, an actual controversy has arisen and
5  now exists between CACV and Plaintiffs in that CACV contends and Plaintiffs
6  deny the following:
7          (a)   Without admitting the allegations set forth in Plaintiffs'
8  Complaint, CACV contends that should it be determined, by way of judgment or
9  otherwise, that it is liable to any class member, then it is entitled to set off the
10 amount of its liability against the amount of that member's liability, if any, under
11 the written credit agreement between the member and his or her original creditor.
12         (b)   Without admitting the allegations set forth in Plaintiffs'
13 Complaint, CACV contends that should it be determined, by way of judgment or
14 otherwise, that it is liable to Mr. UYEDA, then it is entitled, under Section 553 of
15 the United States Bankruptcy Code, to set off the amount of its liability against the
16 amount of Mr. UYEDA's liability, if any, under the written credit agreement
17 between Mr. UYEDA and his original creditor.
18         (c)   Without admitting the allegations set forth in Plaintiffs'
19 Complaint, CACV contends that should it be determined, by way of judgment or
20 otherwise, that it is liable to any class member who has previously received a
21 bankruptcy discharge, then it is entitled, under Section 553 of the United States
22 Bankruptcy Code, to set off the amount of such liability against the amount of the
23 member's liability, if any, under the written credit agreement between the member
24 and his original creditor.
25         (d)   Without admitting the allegations set forth in Plaintiffs'
26 Complaint, CACV contends that is entitled to file this declaratory relief

counterclaim against the class members without regard to the forum provision contained in Section 1692i of the FDCPA.

  (e)  Without admitting the allegations set forth in Plaintiffs' Complaint, CACV contends that any class member who agreed to submit any dispute arising out of any alleged violation of the FDCPA to binding arbitration should be required to do so and not be permitted to participate in this action.

  11.  Unless all joint and several obligations, rights and duties arising out of the action from the respective parties herein are determined in this proceeding, there will be a multiplicity of actions to determine the rights, duties, and obligations of the parties hereto, all of which can be determined by judgment in this single action. In the event a declaration as to the rights, duties and obligations of the various parties hereto is not determined by the court herein, CACV will be subjected to an unreasonable burden of multiple litigation hereby sustaining irreparable injury.

  WHEREFORE, CACV prays judgment as follows:

  1.  For a judicial declaration stating that should it be determined, by way of judgment or otherwise, that CACV is liable to any class member, then CACV is entitled to set off the amount of its liability against the amount of that member's liability under the written credit agreements between the member and his or her original creditor;

  2.  For a judicial declaration stating that should it determined, by way of judgment or otherwise, that CACV is liable to Mr. UYEDA, then CACV is entitled, under Section 553 of the United States Bankruptcy Code, to set off the amount of its liability against the amount of Mr. UYEDA's liability under the written credit agreement between Mr. UYEDA and his original creditor;

3. For a judicial declaration stating that should it determined, by way of judgment or otherwise, that CACV is liable to any class member who has previously received a bankruptcy discharge, then CACV is entitled, under Section 553 of the United States Bankruptcy Code, to set off the amount of such liability against the amount of the member's liability under the written credit agreements between the member and his or her original creditor;

4. For a judicial declaration stating that any class member who agreed to submit any dispute arising out of any alleged violation of the FDCPA to binding arbitration be required to do so and not be permitted to participate in this action;

5. For a judicial declaration that CACV is entitled to file this declaratory relief counterclaim against the class members without regard to the forum provision contained in Section 1692i of the FDCPA;

6. For the reasonable attorney's fees, to the extent permitted under the written credit agreements between Plaintiffs and their original creditors;

7. For the expenses or costs that CACV reasonably incurs in defending this action;

8. For interest on such sums as allowed by law; and

9. For such other and further relief as the Court may deem just and proper.

Dated: July 18, 2005

McGRANE, GREENFIELD, HANNON & HARRINGTON LLP

By: /s/William McGrane
William McGrane
Attorneys for Defendants J. A. Cambece Law Office, P.C., J. A. Cambece, and CACV of Colorado, LLC; and Counter-Claimant CACV of Colorado, LLC

**DEMAND FOR JURY TRIAL**

CACV hereby demands a jury for all claims for which a jury is permitted.

Dated: July 18, 2005

McGRANE, GREENFIELD, HANNON & HARRINGTON LLP

By: /s/William McGrane
William McGrane
Attorneys for Defendants J. A. Cambece Law Office, P.C., J. A. Cambece, and CACV of Colorado, LLC; and Counter-Claimant CACV of Colorado, LLC